*568 OPINION.
MuRdock :
If the petitioner is entitled to any -deduction under section 234 (a) (7) of the Revenue Act of 1924, the allowance must be based on the cost of the property to the petitioner. It contends that it paid Evans $75,000 for the formula on July 28,1923, at which time the probable useful life of the formula was not more than five years. The facts, however, contradict this contention. Ducker owned the New York corporation and wanted $75,000 in cash for his interests. The petitioner, with the understanding that all of its capital stock theretofore issued to the New York corporation would be *569 transferred to Evans, borrowed $75,000 and endorsed the check for this amount to Evans, who in turn endorsed it to the New York corporation. Evans received all of the stock of the petitioner, and at the same time the petitioner received the formula. It therefore contends that the formula cost it $75,000.
Inasmuch as Evans one moment owned the formula and the next owned all of the stock of a corporation which owned the formula, the fact that the corporation paid out $75,000 and got nothing but the formula loses much of its significance. Moreover, it nowhere appears that the petitioner either paid or agreed to pay $75,000 or. any part thereof, solely for the formula. But it affirmatively appears that the $75,000 was jjaid for an entirely different purpose, namely, to enable Evans to buy out Ducker.
This same transaction was before this Board in the case of Ralph L. Evans, 8 B. T. A. 543, where we held that under section 202 (c) (3) of the Revenue Act of 1921, Evans realized no taxable income upon the transfer of this formula to the petitioner. In that case Evans alleged that he never had any personal right to or claim upon the check for $75,000, but it was understood and agreed between all the parties concerned, that the method used in handling the check and the value of $75,000 assigned to the formula were merely means to an end, “to wit, for the purpose of meeting the terms of the agreement between the taxpayer [Evans] and the owner of said shares of said Inecto, Inc. of Delaware, and of utilizing the taxpayer’s ownership and control of said hair dye formula for the purpose of acquiring said Inecto hair dye business.” In the opinion, the Board stated:
The petitioner at no time had any proprietary right in the check for $75,000. He had no right to use and employ it as his own. * * * It was not intended that Evans was to have any control over the check. He was to transfer his formula to the Delaware corporation and although the check was first endorsed to him, it was not intended that he was to receive anything except all of the capital stock of the Delaware corporation.
In the present case, Evans testified that, in arriving at the amount of $75,000, no consideration was given to the value of the formula, but that he was merely seeking to provide a means to pay Ducker. Where a deduction under section 234 (a) (7) is based on cost, the value of the property purchased usually makes no difference. But if value has any materiality, at any rate, there is no proof or suggestion of the value of the formula. Throughout the transaction the value of the formula was ignored and, furthermore, there was not, so far as concerns the acquisition of the formula, an arm’s-length transaction between persons having opposite interests. Under such circum'stances, how can it be said that the petitioner paid $75,000 for the formula? In our opinion it is impossible from this record to de *570 termine the cost, if any, of the formula to the corporation. Cf. Cement Gun Co., 7 B. T. A. 1202; affd., 36 Fed. (2d) 107. Further discussion is unnecessary, as the petitioner must lose in any event.

Judgment will be entered for the respondent.